EDWARD R. PRICE vs. HARRIET R. DOUGLASS & others,

Bristol.   October 23, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Definition of "Legacy."*

A testatrix, by her will, ordered that her estate, including loans made during her lifetime to a son for his and his family's support, be divided into equal shares; she provided that one share should be distributed equally among this son and his children, and gave her remaining children each a share, deducting therefrom specific sums given to their children; she also directed that the loans to her son should be "paid by a set-off betwixt the debt so due to my estate and the legacy given from my estate"; and stated that she made this division of her estate with equal love and affection towards all her children. *Held,* that the legacy referred to was the share assigned to such son and his children, and that the loans were to be set off against such share, and not merely against the portion of it to which he would be entitled.

BILL IN EQUITY, filed March 7, 1889, by the administrator with the will annexed of the estate of Rebecca W. Robinson, against the legatees under the will and the administrator of Jarvis W. Robinson, a deceased legatee, for instructions as to the distribution of the estate. The case was heard by *Devens, J.,* who reserved it for the consideration of the full court, in substance as follows.

Rebecca W. Robinson died on August 16, 1888, leaving a will, dated July 12, 1880, which was, with the exception of parts merely formal, as follows :

"1. I give, devise, and bequeath all my household furniture, silver ware, books, and pictures unto my five children, Ellen R. Douglass, Jarvis W. Robinson, Isabel E. Cushman, Arthur B. Robinson, and Adelaide R. Mackreth, share and share alike, and to be divided at their pleasure, by and between them.

"2. I give, devise, and bequeath all my wearing apparel, my jewelry and China ware, to my three daughters, the aforesaid Ellen R., Isabel E., and Adelaide R., share and share alike, and at their pleasure to be divided by and between them.

"3. Whereas, two of my children, namely, said Ellen R. and Jarvis W., have already obtained loans in anticipation of what they might hereafter receive in the distribution of my estate,

and have given their notes therefor, which I now hold against them, my will is, and I do order, that any such notes, if remaining unpaid at the time of my decease, and also any notes given in renewal thereof, or any further loans or additional notes, both principal and interest due thereon, be taken as a part of my estate to be divided, and that in the division thereof as hereinafter directed, such notes or loans be paid by a set-off betwixt the debt so due to my estate, and the legacy given from my estate.

"4. I order that all my estate, including the notes or loans named in the third section but excluding those items of personal property mentioned in the first and second sections, be divided into five equal shares.

"5. One such share shall be distributed to Ellen R. Douglass and her children as follows: to her daughter, Harriet R. Douglass, two thousand dollars; to her son, Willard R. Douglass, two thousand dollars; and the rest of said share to the said Ellen R. Douglass.

"6. One of said shares I order to be distributed equally between my son Jarvis W. Robinson and his four children, Gertrude A. Robinson, Willard H. Robinson, Edith J. Robinson, Nelly L. Robinson.

"7. One of said shares shall be distributed unto Isabel E. Cushman and her child, as follows: to her son, Willard R. Cushman, two thousand dollars, and the rest of said share to the said Isabel E. Cushman.

"8. One of said shares I give, devise, and bequeath unto my son, Arthur B. Robinson.

"9. One of said shares shall be distributed unto Adelaide R. Mackreth and her child, as follows: to her daughter, Fanny R. Mackreth, two thousand dollars, and the rest of said share to the said Adelaide R. Mackreth.

"10. The foregoing division of my estate I make with equal love and affection towards all my children, and in view of all circumstances, believing that it will operate with substantial justice to all of them, and be the best for each and all."

The property of the testatrix, both at the date of the will and at her decease, amounted to about two hundred thousand dollars. This sum, which included the notes and loans referred to in the

will, was in the plaintiff's hands, ready for distribution.  Jarvis W. Robinson at various times until August 16, 1886, when he died insolvent, received ·loans of money from his father, and, after his father's death, from his mother, the testatrix, for the support of himself and his four children.  These loans, which at the date of the will amounted to ten or twelve thousand dollars, at the time of the testatrix's death had increased to over twenty-three thousand dollars, and were represented in part by notes given by him to his father and mother.  After the death of his father, Jarvis was dependent for the most part on the assistance which he received from the testatrix for the support of himself and family.  After the death of Jarvis the testatrix continued to furnish funds for the support of his children so long as they formed one family.  Mrs. Ellen R. Douglass in like manner owed about five thousand dollars to the estate of the testatrix.

The children of Jarvis contended that the indebtedness from him to the estate should be set off against his proportion of the share devised to him and his children ; the other legatees contended that such indebtedness should be deducted from the entire share given to him and his children.

*H. J. Fuller,* for the plaintiff, read the papers in the case.

*J. M. Morton,* for the children of Jarvis.

*E. H. Bennett,* for the other legatees.

KNOWLTON, J.  The question which arises in this case is, whether the testatrix intended that the loans advanced to her children Ellen R. Douglass and Jarvis W. Robinson should be set off against the respective shares of the estate to be distributed to them and their children, or against the respective portions of those shares which would come to them alone. There is no single clause in the will which determines the question, and we must gather her intention from a consideration of all the provisions of the instrument.

Her household furniture, silver ware, books, and pictures she divided equally among all her children.  She gave her wearing apparel, jewelry, and China ware to be divided equally among her three daughters.  In the third clause she says that two of her children had obtained loans in anticipation of what they might afterwards receive in the distribution of her estate, and

had given notes therefor, and intimates that further loans may be made and additional notes given, and directs that all such loans and notes be taken as a part of her estate to be divided, and closes by an order in these words: " That, in the division thereof, as hereinafter directed, such notes or loans be paid by a set-off betwixt the debt so due to my estate and the legacy given from my estate." Then follows the provision for the division referred to, which, after excluding the articles of personal property first mentioned, orders all her estate, expressly including these notes and loans, to be divided into five equal shares. She then takes each share by itself, and, in a separate clause of the will for each, directs the manner in which it " shall be distributed " to some one of her five children and his or her children. Having thus treated each branch of her family with absolute equality, and having modified the shares of her children only by subtracting from each a greater or less sum to be given directly to their respective children, she states her manifest purpose in the tenth clause, by saying that she makes the division with equal love and affection towards all her children.

It is plain from the language of the fourth clause, that she intended that all the loans and notes should be reckoned as part of her estate, and that the shares should be ascertained on that basis. The third clause also shows the same intention. It is agreed that her son Jarvis owed her ten or twelve thousand dollars for such loans when the will was made, and, from her reference to the subject in the third clause, it is evident that she expected a material increase of the loans. Indeed, it is found as a fact, that he had been since the death of his father, and then was, dependent for the most part on assistance from her for the support of himself and his family. He died insolvent in the lifetime of the testatrix, and the amount of the loans advanced to him was then more than twenty-three thousand dollars. The words "legacy given from my estate," in the third clause, could not have referred merely to the portion which·he would receive in the distribution, under the sixth clause, of the share set apart for his family; for her whole estate, including the loans, was only two hundred thousand dollars, and that portion could in no event exceed eight thousand dollars, while the amount to be collected from him by set-off was ten or twelve

thousand dollars when the will was made, and was likely to be, as it afterwards was, largely increased. The language of the third clause requires the set-off " betwixt the debt . . . and the legacy " to be made " in the division " of the estate which was directed. The legacy referred to was the legacy to him and his family to be obtained by that division; and the division into five equal shares required by the fourth clause was the only one named as such in the will.

The language used in providing for the distribution of the shares among the members of each family strengthens this conclusion. Except to the children of her son Jarvis, she set apart specific sums to her grandchildren in each family, and gave the rest of the share to their parent. In those cases there was no doubt that the share would be sufficient for the payment of these sums, with a substantial residue for the parent. But knowing that the share for the family of Jarvis would be much smaller, and of uncertain amount, and adopting a method which would be equitable, whether the amount should be large or small, she did not name specific sums for his children, but divided the whole among him and them equally.

In view of all the provisions of the will, we are of opinion that the indebtedness of Jarvis W. Robinson should be set off against the share of the estate devised to him and his children.

*Decree accordingly.*